UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CR-00198-JAR-4 |
| WALTER D. JUSTINIANO, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's pro se motion for compassionate release. (Doc. No. 765). On April 12, 2021, counsel for Defendant filed a notice of intent not to file a supplemental motion as it appears that Defendant has not exhausted his administrative remedies. (Doc. No. 778). For the following reasons, Defendant's motion will be denied.

**I.     Background**

On July 2, 2018, Defendant pled guilty to two counts of a three-count Superseding Indictment charging Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) (Count 1); and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) (Count 3).[1] He was sentenced on May 14, 2019 to a total term of imprisonment of 120 months followed by five years of supervised release. Defendant is currently confined at CI Reeves III with a projected release date of December 31, 2026. He is 41 years old.

---

[1] Defendant was not named in Count 2.

On February 5, 2021, Defendant filed his pro se motion, asserting that the outbreak and spread of COVID-19 within the Bureau of Prisons (BOP), together with his medical conditions of high blood pressure and unspecified cardiovascular and respiratory ailments, put him at increased risk of serious complications should he contract COVID-19 while incarcerated and thus constitute "extraordinary and compelling reasons" warranting his immediate release. He also references his good conduct and lack of disciplinary infractions while in prison.

**II.      First Step Act**

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons could move for compassionate is no dispute release. Now, a defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).

Aside from allowing defendants to bring their motions directly, the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant, provided that it "substantially diminishes the ability of defendant to provide self-care within the environment of a correctional

facility and from which he or she is not expected to recover;" (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.[2]

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. Id. (incorporating the 18 U.S.C. § 3142(g) factors).

The last requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an

---

[2] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. See United States v. Walker, No. 11-cr-381 (SRN/HB) (D. Minn. June 26, 2020); United States v. Kienstra, No. 4:14-cr-250 CDP (E.D. Mo. May 5, 2020).

extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." White, 378 F. Supp.3d at 787.

### III.   Discussion

In his motion, Defendant states he has exhausted his administrative remedies by submitting a request for compassionate release to the Warden at CI Reeves and that thirty days have passes since he made his request. There is no evidence in the record before the Court to support Defendant's assertion. Regardless of whether Defendant has met his burden of proof on exhaustion, however, the Court finds his claim must be denied because he fails to present extraordinary and compelling reasons warranting release.

**Extraordinary and compelling reasons**

As explained above, the Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release.

Although the Court does not intend to minimize the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). See, e.g., United States v. Fry, No. 11-CR-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing United States v. Hamilton, No. 19-CR-54, 2020 WL 1323036, at *2 (E.D. N.Y. Mar. 20, 2020)). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at this prison facility." United States v. Feiling, No. 3:19CR112 (DJN), 2020 WL 1821457, at *7 (E.D. VA. Apr. 10, 2020) (collecting

cases). Against these standards, the Court finds Defendant does not present extraordinary and compelling reasons warranting release.

Defendant has not demonstrated that he currently suffers from a serious medical condition that "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). At the time of sentencing, Defendant reported a history and current symptoms of migraine headaches and hernia but stated he has not been formally diagnosed or received any medical care for treatment of these conditions. (Presentence Investigation Report, Doc. No. 547 at ¶ 70). Defendant also reported that he had been diagnosed with high blood pressure in approximately 2014, but this could not be confirmed; a prescription of Metoprolol Tartrate (100 milligrams) for management of high blood pressure was verified.

Further, despite his assertions to the contrary, Defendant has not shown that the safeguards in place at CI Reeves to control the spread of COVID-19 are inadequate or that the facility is specifically unable to treat him should he contract the virus. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, are insufficient to justify compassionate release. See United States v. Hollins, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021) (citing United States v. Manzo, No. 2:07-CR-02042-LRS-2, 2020 WL 6786898, at *3 (E.D. Wash. Nov. 18, 2020). The Court recognizes that Defendant, like all prisoners, is at risk of contracting COVID-19 while in prison; however, he has not shown any extraordinary and compelling reasons that would justify early release.

**General § 3553 sentencing factors and danger to the community**

As explained above, under § 3582(c)(1)(A), the Court must also give due "consider[ation to] the factors set forth in section 3553(a) to the extent they are applicable." In fashioning the

appropriate sentence, the Court weighed these factors when it sentenced Defendant in 2019, including his role, albeit as a minor participant, in a conspiracy involving ten co-defendants to distribute fentanyl, for which Defendant was accountable for at least 12 kilograms. As part of the conspiracy, Defendant served as a courier to assist in the transportation of approximately 75 kilograms of fentanyl from California to St. Louis, Missouri. In sentencing Defendant, the Court also considered the fact that Defendant's criminal history included no felony or misdemeanor convictions. The Court continues to find that a sentence of 120 months is just and fair under the totality of the circumstances. A sentence must reflect the seriousness of the conduct charged and afford adequate deterrence to said criminal conduct. Even if Defendant was eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020).

The Court acknowledges and commends Defendant's good conduct and lack of disciplinary action; however, this does not ensure the safety of the community or constitute extraordinary or compelling circumstances which would warrant this Court entertaining a sentence modification here. "Rehabilitation of the defendant alone" is not sufficient. 28 U.S.C. § 994(t).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release [765] is **DENIED**.

Dated this 28th day of May, 2021.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**