# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00198-JAR-4 |
| | ) | |
| WALTER D. JUSTINIANO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Walter Justiniano's motions seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Amendment 821 to the United States Sentencing Guidelines. For the reasons set forth below, the motions will be denied.

## BACKGROUND

In July 2018, Defendant pleaded guilty to two counts of drug trafficking as a minor participant in a conspiracy involving ten other defendants. (Doc. 354). The Court sentenced him to the mandatory minimum of 120 months, 21 U.S.C. § 841(a), followed by five years of supervised release. (Doc. 597).

In February 2021, Defendant filed a motion for compassionate release citing an increased risk of complications from COVID-19 due to his high blood pressure and unspecified cardiovascular and respiratory conditions. (Doc. 765). Finding no extraordinary and compelling circumstances justifying early release, the Court denied the motion. (Doc. 784). In May 2024 and February 2025, Defendant filed the instant additional motions for a reduction in sentence and also requested the appointment of counsel. (Doc. 930, 936). In support of the motions, Defendant asserts that (1) he suffers from a serious medical condition that isn't being treated in prison, (2) if

sentenced today, he would receive only 72 months due to intervening changes in the law, including Amendment 821, and (3) the totality of circumstances favors a reduction in sentence, especially considering Defendant's history and characteristics, rehabilitation efforts, family ties, and release plan. Defendant is currently confined at Big Spring FCI in Texas with a projected release date of December 31, 2026. He is 45 years old.

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include: (1) a terminal illness or serious medical condition; (2) the defendant's age (at least 65 years old); (3) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; (4) abuse by or at the direction of a person having control over the defendant and resulting in liability; (5) other reasons of similar gravity; or (6) for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) would produce a gross disparity between the original sentence and the one he would have received after the change. U.S.S.G. § 1B1.13(b). *Id*.

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).  Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on § 3553(a) sentencing factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes  of the defendant." 18 U.S.C. §  3553(a).

Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019). A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

As a preliminary matter, the Court finds that Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). Defendant submitted a request to the warden of his facility on February 1, 2024 (Doc. 930-1). The warden denied his request on March 12, 2024.

**Extraordinary and Compelling Reasons**

Defendant asserts that his circumstances are extraordinary and compelling for several reasons. First, Defendant notes that the statute recognizes as extraordinary and compelling a

3

serious medical condition requiring long term or specialized care that isn't being provided in prison.  But Defendant provides no specifics or medical records describing the nature of his alleged medical conditions. The warden specifically addressed the medical grounds for Defendant's claim and found that Defendant hasn't been diagnosed with a terminal illness and doesn't have any functional impairments. Defendant has failed to carry his burden of proof on this issue.

Second, Defendant asserts that, if he were sentenced today, he would receive only 72 months rather than the mandatory minimum of 120 months imposed by 21 U.S.C. § 841(a). Defendant offers no analysis to support this number beyond a bare reference to Amendment 821, adopted in 2023. Construing the motions liberally, the Court infers that Defendant also attempts to invoke amendments adopted in 2024.  But these amendments would not have affected Defendant's sentence. To be sure, Amendment 821 provides a reduction of two offense levels for zero-point offenders. This would reduce Defendant's total offense level from 28 to 26. (Doc. 547 at 12).  However, the mandatory minimum sentence was and still would be 120 months pursuant to the statute. Likewise, the 2024 amendment excluding federal acquitted conduct from consideration would not have applied in Defendant's case, as Defendant had no criminal history. (Doc. 547 at 12-13). In short, Defendant would receive the same mandatory minimum sentence today, regardless of the 2023 and 2024 amendments.

Third, Defendant asks the Court to consider his history and characteristics, rehabilitation efforts, family ties, and release plan. But the Court was aware of Defendant's history and characteristics at the time of sentencing, as noted in the pre-sentence investigation report. (Doc. 547). And while the Court commends Defendant's rehabilitation endeavors, rehabilitation alone is insufficient to warrant relief and may only be considered in combination with other compelling

4

factors. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). The Court has fully reviewed the arguments set forth in Defendant's motion. (Doc. 930 at 4-7). Even considering the totality of them, however, his circumstances are common and do not rise to the level of extraordinary and compelling to warrant relief.  This alone defeats Defendant's motions. Nevertheless, the Court addresses the remainder of them.

### Community Safety and § 3553 Sentencing Factors

As stated above, the second and third requirements focus on community safety, deterrence, and respect for the law. The Court considers the nature of the offense, the history and characteristics of the defendant, the nature of the danger, and the propriety of the sentence in terms of punishment and deterrence.  Here, the Court acknowledges that Defendant had no prior criminal history and was a minor, non-violent participant in the conspiracy. The Court further acknowledges Defendant's rehabilitation efforts, strong family ties, and release plan.

However, there is a circuit split as to whether § 3582(c)(1)(A) authorizes relief from a mandatory minimum sentence prescribed by Congress and still in effect today. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (reasoning that such a reduction would offend the separation of powers); *United States v. Thomas*, No. 4:15 CR 03 CDP-2, 2024 WL 4381183, at *3 (E.D. Mo. Oct. 3, 2024) (denying compassionate release and noting that the movant remained subject to the mandatory minimum sentence). *Compare United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (concluding that a mandatory minimum sentence does not preclude a later reduction). Absent clarity from the Eighth Circuit, the Court is persuaded by the Seventh Circuit's reasoning and reluctant to override the mandatory minimum set by Congress in 21 U.S.C. § 841(a).

**Appointment of Counsel**

Finally, seeing no colorable basis for Defendant's pro se motions for all of the foregoing reasons, the Court finds that the appointment of counsel would be futile and would offend principles of judicial economy. As such, Defendant's request for counsel will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and reduction in sentence pursuant to Amendment 821 are **DENIED**. (Doc. 930, 936).

**IT IS FURTHER ORDERED** that Defendant's request for appointment of counsel is **DENIED**. (Doc. 936).

Dated June 20, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE